## Ives' Appeal

*J. B. Held*, for appellants.

KITTS, P. J., March 21, 1940.—This case comes before the court on an appeal by plaintiffs from the Registration Commission of the County of Erie. A hearing was held and testimony taken. Hon. Joseph C. Williams testified on behalf of the registration commission, and Mrs. Martha E. Ives on the part of the plaintiffs. It appears that both plaintiffs, honorable citizens of this county, applied to the registration commission for a change of their registration from 4005 Iroquois Avenue, Lawrence Park, Erie County, to 3702 Emmett Drive, Lawrence Park, Erie County, both of which places of residence are within the same voting district in this county. The registration

commission refused to change their registration, contending that inasmuch as plaintiffs in this case would not move to their new home until on or after April 1, 1940, this was in contravention of the Act of June 21, 1939, P. L. 606, which amended the Act of April 29, 1937, P. L. 487.

Under the Act of 1937, an elector who removed his residence from one place to another within the same election district could notify the registration commission by filing a removal notice *ten* days next preceding the primary or election. Consequently, the well-established removal date for renters in Erie County being April 1st, ten days gave such persons ample opportunity and time to change their registration before the April primary.

It is unfortunate indeed that the legislature lost sight of the April 1st moving date, and the Act of 1939, supra, taken in connection with the Election Code, will deprive plaintiffs of the right to vote at the April 23rd primary, 1940. We deem that this was a serious mistake upon the part of the legislature and should be remedied at the next session.

The Act of 1939, sec. 26 (*b*), changed the existing law to read as follows:

"(*b*) Any elector who removes his residence from one place to another within the same election district must notify the commission by filing a removal notice with the commission not later than 30 days next preceding the primary or election."

"It is an elementary rule of statutory construction that a change of language indicates a change of legislative intent; also that where statutes conflict the later governs": Ogelvie's Estate, 291 Pa. 326, 333.

The words "ten" and "thirty" in both statutes are too plain to permit of any misunderstanding or misrepresentation. However ill-advised was the amendment, nevertheless, we are firmly of the opinion that the legislature meant just what it said in the Act of 1939. The court is without authority to change this phraseology. The remedy

in this case lies entirely with the legislature, and not with the court or with the Registration Commission of Erie County. Therefore, this appeal must be dismissed.

And now, to wit, March 21, 1940, the appeal in the above-entitled case be and the same is hereby overruled and dismissed, the costs in the case to be paid by the County of Erie.